APPENDIX C
8 pages

STATE OF MICHIGAN
In The 37th Circuit Court
For Calhoun County.

FILED
NOV 27 2023
37th CIRCUIT COURT CLERK

People Of The State Of Michigan
    Plaintiff,

V

Case No. 23-3168-FH
Hon Sarah S. Lincoln

Devin Douglas Leche
    Defendant

| Attorney For The People | Attorney For The Defendant |
|---|---|
| David E. Gilbert P-04193 | Matthew X. Hauser P-08376 |
| (269) 969-6980 | (269) 965-7000 |
| 161 E. Michigan Ave. | 70 Michigan Ave W. STE 450 |
| Battle Creek, Michigan 49014 | Battle Creek, Michigan 49017 |

MOTION TO QUASH COMPLAINT AND
ARREST WARRANT AND TO DISMISS W/
PREJUDICE, AND REQUEST FOR EVIDENTIARY
HEARING.

GROUNDS:

1) JURISDICTIONAL DEFECT
2) FINDING OF PROBABLE AND/OR REASONABLE CAUSE ESTABLISHED ON BIAS, LIES AND OMISSIONS IN VIOLATION OF THE 4th, 5th AND 14th AMENDMENTS OF THE U.S CONSTITUTIONS, AND ART 1, SEC's 2, 11 & 17 OF MICH. CONST.
3) COMPLAINT VIOLATES THE 4TH AMENDMENT OF THE U.S. CONST AND ART. 1, SEC. 11 OF MICH CONST. CITING GIORDENELLO V. U.S., U.S. V. VENTRESCA, JABEN V. U.S AND WHITELEY V.

WARDEN.

4.) LACK OF CONSTITUTIONAL FOUNDATION.
5.) VIOLATION OF DEFENDANT'S PROTECTED AND GUARANTEED AND PROTECTED RIGHTS UNDER THE 4th, 5th AND 14th AMENDMENTS OF THE UNITED STATES CONST. IN CONJUNCTION W/ U.S. SUPREMACY CLAUS.
6.) VIOLATION OF DEFENDANT'S PROTECTED AND GUARANTEED RIGHTS UNDER ART. 1, SEC.'s 2, 11 AND 17 OF THE MICHIGAN CONST. OF '63'.
7.) Perjury By All CCSD OFFICERS AT PRELIM EXAM

Now comes the defendant, Devin Douglas Leche, in his own proper self as he is guaranteed is his right via Art. 1, Sec. 13 of the Michigan Constitution of '63' and moves this honorable court to enforce and protect that right by respecting, hearing and conducting a hearing on the defendant's motion in accord with his Art. 1, Sec. 3 Mich. Const right to "petition... for redress of grievance. The defendant here-by motions this court to quash the criminal complaint and arrest warrant in the above stated case no and to dismiss all counts against him, for the above stated grounds, with prejudice. In support of his request he provides as follows:

## GROUND 1

1) The court lacks jurisdiction because the complaint lacks factual justification to support the warrant and does not list a source to establish its info. The complaint reads "On info and belief."

2) "An officer seeking an arrest warrant must establish his grounds for his belief that the defendant committed the

crime, and where the belief is upon someone witnessing the offense... the complaint should establish who witnessed the offense." (see Jaben V. U.S., 381 U.S. 214). "The complaint must provide a foundation for the issuing authority to make a judgement that a warrant is justified." Id @ 224.

3.) "Recital of some of the underlying circumstances... is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." (see U.S. V. Ventresca 380 U.S. 102)

4.) The complaint must provide the officer's answer to the question, "What makes you think that the defendant committed the offense charged?" (Emphasis Added) citing Jaben V. U.S. 381 U.S. 214 - ?

5.) In Whitely V. Warden 401 U.S. 560 the complaint stated that the officer swore that on a particular date in a particular county the defendant did... and the complaint stated a mere statutory bare bones recitation of the crimes alleged. The court found that this consisted "of nothing more than the complainant's conclusion that the individual(s) named therein perpetrated the offense described in the complaint." Id @ 565. The court noted that the actual basis of the officer's conclusion was an informant's tip, but that fact, as well as every other operative fact was omitted from the complaint. The court also pointed out that an insufficient complaint cannot be rehabilitated by later testimony not disclosed to the issuing authority. This arguement will be re-raised upon addressing Ground #2.

6.) The Whiteley analysis on whether an officer has violated

the 4th Amendment remains valid. (see Arizona v. Evans, 514 U.S. 1 (1995)). Thus, a form complaint would be insufficient where it merely recites the elements... (see Overton v. Ohio, 534 U.S. 982 (2001) (Breyer J with 3 other justices concurring.) Obviously, a complaint alleging an offense by stating the statutory language is not sufficient.

7) Lastly, on the topic of ground 1, "No warrant shall issue but upon probable cause supported by oath or affirmation. Officer Sumbal and Fabers documents were used to support a finding of probable cause and these documents are not even reviewed by supervisors or attested to upon oath or affirmation, therefore do not meet the requirements set forth by the 4th Amendment and supreme law, as well as, Art 1. Sec.'s 2, 11 and 17 of the Michigan Const. of 1963. This is a blatant violation of the stated protected and guaranteed rights of this defendant, and create a lack of adherence to the requirements of those rights, unconstitutional foundation and a jurisdictional defect. This also creates an issue where the issuing authority has abused their discretion and oath to support and uphold the United States & Michigan Constitutions.

8) These violations of the Constitutions create a clear and undeniable failure of the officers involved, the office of the prosecutor and the issuing authority to provide the defendant with "Equal Protection of the Law" (Art.1, Sec. 2), Freedom from "Unwarranted Seizures of Person" as the standards of the 4th Amendment & Art 1, Sec. 11 were not met and "Fair treatment at investigations" (5th Amend & Art 1, Sec. 17 Mich. Const.) as the laws were not respected or adhered to, and the Police report contains easily provable lies and many omissions.

## Ground 2 & 7

1.) It is the duty of all officers, court officers and members of the judicial branch to ensure that the constitutions requirements are met and upheld. When facts and truths come to light to support that those requirements have been violated a defendant is entitled to dismissal.

2.) If it comes to light that facts attested to in the the police report were omitted and that an officer hid truths, lied or omitted facts to support a lack of intent the case has become tainted and the protections of the Constitution have been violated as pertain to Art. I, Sec.'s 2, 11 and 17' of the Mich. Const and the 4th and 5th Amendments. Furthermore, this creates an unconstitutional detention and undeniable taint

3.) The things provided in the police report were found to be inaccurate upon the testimony taken at preliminary examination. Many other facts that were omitted in the police report were provided at preliminary examination and these facts create reasonable doubt.

    A) Officer Wolfe stated in his police report that the E.R at Marshall Oaklawn 'Found nothing wrong with the defendant in an attempt to discredit the real medical needs of the defendant and create a picture of lack of Medical emergency.

    B) All officers omitted key facts that create doubt as to intent

    C) All officers lied about the defendant resisting and all video and audio to support such, was admitted to existing by officers and

were not surrendered to be played at the prelim as the defendant requested.

4.) For a magistrate or issuing authority to make an unbiased and neutral or detached finding of reasonable or probable cause it must be made upon reviewing the totality of the facts. When officers lie, add to, or omit facts that are proveable beyond doubt, the issuing authority is denied the requirements to meet the demands of the Constitutions of the U.S. and Michigan. An unfactual and altered relation of events creates doubt, as well as, a violation of the defendant's protections.

5.) No unbiased, detached and/or independent finding of reasonable or probable cause can be had by anyone, upon an unfactual and partial relation of the circumstances, and an insufficient affidavit or complaint cannot be rehabilitated by later testimony. When operative facts, especially those that would create doubt as to the validity of the "finding" are omitted and blatant lies are told the court has found in Whiteley v. Warden 401 U.S. 560 that the taint could not support an independent judgement of a disinterested magistrate that probable cause existed. Only a review of accurate totality of the facts can meet the demands of the 4th and 5th and 14th Amendments.

6.) In this case the defendant can prove these allegations as officers testified at preliminary examination that video and audio recordings existed that had been reviewed by said officers.

7.) The officers here have created an incurable taint, and have all perjed themselves on the stand at preliminary exam.

and have violated their oaths, the Constions of the U.S and Michigan and the requirements of due process.

### GROUNDS 3, 4, 5 AND 6, 7

1.) The defendant has established the violations against his rights, those violations supported by the Constitutions and the law create unconstitutional foundation and a jurisdictional defect unremediable.

2.) The law cannot violate the law in the persuit of justice. A house divided against its self cannot stand. (See Matthew Ch. 12 V: 25-26)

In lieu of the facts and truths provided, the defendant humbly requests this court set a date to hear this motion and conduct an evidentiary hearing to establish these facts for the record. The defendant requests that the court subpoena the following officers and order that they appear with copies of their MVR and body camera evidence to establish beyond doubt the validity of the defendants claim and end the miscarriage of justice and unconstitutional detention of the defendant. Those officers are:
  1.) Calhoun County Sheriff Deputy Jason Wolfe (# Vehicle 502)
  2.) Calhoun County Sheriff Deputy Suleiman Sumbal (badge # 58360 & Vehicle # 576)
  3.) Calhoun County Sheriff Deputy Mitchell Faber (badge # 58160)
These are those the defendant wishes to call and question.

In closing the defendant also motions this court to compel disclosure of the mentioned evidence and to conduct the

necessary evidentiary hearing to create for the record a truthful rendering and preserve the record of truth, and to grant the defendant dismissal w/ prejudice of the charges alleged.

Respectfully Submitted,
Devin D. Leche
Devin D. Leche
11/21/23

PROOF OF SERVICE

I, Devin D. Leche, did serve copies of the attached documents upon all parties of interest via CCSD inner departmental mail in the above stated case no. on the 21 day of Nov., 2023.

Devin Leche

The facts held here in are true to the best of my knowledge, info and belief

28 U.S.C 1746
Devin D. Leche

ISAIAH 5:23
"Woe to those who acquit the guilty... but deny justice to the innocent."

PROVERBS 12:17
"An honest witness tells the truth, but a false witness tells lies."

PROVERBS 11:9
"With their mouths the Godless destroy their neighbors, but through knowledge the righteous go free."

PROVERBS 12:13
"Evildoers are trapped by their evil talk and so the innocent escape trouble"